IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley D. Linder, # 137337, ) | C/A No.: 1:12-3051-RMG-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Matthew J. Friedman, Assistant Attorney ) | |
| General, and Allen Wilson, Attorney ) | |
| General, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Stanley D. Linder ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at MacDougall Correctional Institution. He brings this action against the Attorney General of South Carolina and one of his assistants seeking punitive damages and alleging violations of the federal Privacy Act and Freedom of Information Act ("FOIA"). 5 U.S.C. §§ 552, 552a. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Liberally construed, Plaintiff alleges that one or both defendants caused the disclosure of sensitive private information about Plaintiff and his family to some of his fellow inmates. [Entry #1 at 3–4]. He does not state how the information was disclosed, but references "paperwork" from the Attorney General's office being in the possession of

a fellow inmate. *Id.* at 3.  Plaintiff alleges that the paperwork was taken by a prison guard from the other inmate as contraband, and was given to the classification section at MacDougall, but not before the other inmate showed it to additional inmates. *Id*. Plaintiff states that he wrote to the Attorney General and other state officials about this problem, but that he received no response to his letters. *Id*. at 5.  He claims that this release of personal information violates "this state's Constitution," the United States Constitution, the federal Privacy Act, 5 U.S.C. § 552a, and FOIA, 5 U.S.C. § 552. *Id.* at 6.  He seeks $1,000,000 in punitive damages for alleged mental anguish, destruction of his entire life, and destruction to his family. *Id*. at 6.

II.     Discussion

   A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially-meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B.  Analysis

Plaintiff's claim for damages for mental anguish and distress allegedly arising from the dissemination of private information about him to others cannot be considered by this court under either FOIA or the Privacy Act because those federal statutes apply only to federal agencies. FOIA is applicable to agencies or departments of the government of the United States and is not applicable to agencies, departments, or employees/officials of a state. *See*, *e.g.*, *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) (finding that "it is beyond question that FOIA applies only

to federal and not to state agencies"); *Philip Morris, Inc., v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) (holding that "FOIA . . . applies only to federal executive branch agencies"); *Johnson v. Wells*, 566 F.2d 1016, 1018 (5th Cir. 1978) (state board of parole not agency within meaning of FOIA). The same is true of the Privacy Act. *See, e.g.*, *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) (finding there is no private right of action under the Privacy Act against an official or employee of a municipal or state agency); *Ferguson v. Ala. Crim. Justice Info. Ctr.*, 962 F. Supp. 1446, 1447 (M.D. Ala. 1997) (holding the Privacy Act does not apply to state agencies). Because both defendants are state officials and not part of a federal agency, they cannot be held liable for damages in this court under either FOIA or the Privacy Act. As a result, Plaintiff's complaint should be summarily dismissed.

Further, even though Plaintiff specifically cites only to FOIA and the Privacy Act, insofar as the complaint could be liberally construed as one seeking damages from defendants for undisclosed violations of the United States Constitution pursuant to 42 U.S.C. § 1983, no viable claim is stated against either defendant. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731–32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally-guaranteed rights and to provide relief to victims if such

deterrence fails.  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).  In order to state a claim for damages under § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law."  *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).  In order to assert a viable § 1983 claim, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued.  *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Assuming Plaintiff intends to state a § 1983 claim against the two defendants, the undersigned recommends finding that Plaintiff has failed to comply with Fed. R. Civ. P. 8(a) requiring that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against defendants.  Plaintiff fails to provide specific factual information to the court about the kind of information that was in the "paperwork" he references.  Furthermore, he does not allege which defendant provided the paperwork to his fellow inmate or how the paperwork was provided.  Other than broadly claiming "discrimination," he does not state what each defendant did or what actions the defendants took that resulted in the alleged constitutional violations.  As a result, it is impossible to determine which, if any, allegations of wrongdoing are made

5

with respect to each defendant and, thus, no affirmative link is made between each defendant and the act of disclosure of private information to another person.

While the liberal pleading requirements of Rule 8(a) only require a short and plain statement of the claim, a plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Furthermore, while the court is bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. Due to the lack of factual allegations of a specific federal constitutional violation attributable to specific defendants, the complaint fails to state a § 1983 claim on which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 (dismissal proper where there were no allegations against defendants).

Finally, although the State of South Carolina has its own Freedom of Information Act, S.C. Code Ann. §§ 30-4-10 *et seq.*, Plaintiff does not seek to sue under that Act. Instead, he generally contends that the alleged actions violated the state constitution. The undersigned recommends that the district court decline to exercise supplemental jurisdiction over any claims arising from South Carolina's constitution or statutes because

Plaintiff's federal claims are subject to dismissal under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

III.     Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 30, 2012                              Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).