## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Stanley D. Linder, #137337, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-3051-RMG |
| | ) | |
| Matthew J. Friedman, Assistant Attorney | ) | |
| General, and | ) | **ORDER** |
| Allen Wilson, Attorney General, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Stanley D. Linder, an inmate at MacDougall Correctional Institution in Ridgeville, South Carolina, brought this action *pro se* on October 23, 2012, alleging that the Defendants, South Carolina Attorney General Allen Wilson and Assistant Attorney General Matthew J. Friedman, intentionally caused the disclosure of personal information about him and members of his family to other inmates. (Dkt. No. 1). Plaintiff requests that the Court assign him counsel, and seeks $1,000,000 in compensatory and punitive damages. (*Id.* at 6). Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

### Background

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d),(e), D.S.C., the case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915(e)(2). On November 30, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance and service of process. (Dkt. No. 9).

Plaintiff filed objections to the R&R on December 13, 2012, conceding to the dismissal of his FOIA and Privacy Act claims but requesting that he be given leave to amend his complaint so that he can properly plead a § 1983 claim. (Dkt. No.12 at 1-2).

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Pursuant to Federal Rule of Civil Procedure 15(a), the Court should freely give leave to amend pleadings when justice so requires. The Court should deny a motion to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001).

### Discussion

The Magistrate Judge correctly observed, and Plaintiff conceded in his objections to the R&R, that the federal Privacy Act and the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. §§ 552, 552a, apply only to executive agencies and departments of the federal government, not to

state entities such as the Attorney General's Office. Thus, the Court agrees with the Magistrate Judge's conclusion that Plaintiff has not, under those statutes, stated a claim on which relief may be granted.

The Magistrate Judge also was correct to construe Plaintiff's complaint liberally, as he is acting *pro se*, and to review the complaint as bringing a claim pursuant to 42 U.S.C. § 1983. In conducting that review, the Magistrate Judge recommended finding that Plaintiff has failed to adequately plead a § 1983 claim "[d]ue to the lack of factual allegations of a specific federal constitutional violation attributable to specific defendants." (*Id.* at 6).

The Court agrees with the Magistrate Judge that, in his original complaint, Plaintiff failed to state a § 1983 claim. In the original complaint, Plaintiff did not allege any facts pertaining to how either of the two Defendants acted to cause the disclosure of his personal information; nor did he allege any facts that would amount to a constitutional violation, beyond his conclusory assertion of "discrimination."[1]  Based on the original complaint, then, the Court would have concluded that Plaintiff failed to state a claim under § 1983.

But, in his objections to the R&R, Plaintiff requests an opportunity to amend his complaint so that he can properly plead his claim under § 1983. The Court construes this request by the *pro se* plaintiff as a motion to amend under Rule 15, and grants him leave to amend. *See HCMF Corp.*, 238 F.3d at 276.

---

[1] There is currently no general constitutional right to nondisclosure of personal information. *See, e.g., J.P. v. DeSanti*, 653 F.2d 1080, 1089-90 (6th Cir. 1981); *see also Cutshall v. Sundquist*, 193 F.3d 466, 481 (6th Cir. 1999) (following *DeSanti*); *but see Whalen v. Roe*, 429 U.S. 589, 599-600 & n.25 (1977) (acknowledging the possibility of an individual interest in avoiding disclosure of personal matters).

**Conclusion**

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Magistrate Judge's Report and Recommendation with respect to Plaintiff's FOIA and Privacy Act claims, and DISMISSES those claims without prejudice and without issuance and service of process. Further, the Court declines to dismiss Plaintiff's § 1983 claim, and instead GRANTS Plaintiff's motion to his amend his complaint so that he may adequately plead that claim. (Dkt. No. 12). Plaintiff has thirty (30) days from the issuance of this order to file his amended complaint. If he fails to do so, the Court will dismiss this action. Last, at this stage in the litigation, the Court declines Plaintiff's request to appoint counsel.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 20 2012

-4-