IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley D. Linder, # 137337,<br><br>    Plaintiff,<br><br>vs.<br><br>Matthew J. Friedman, Assistant Attorney General, and Allen Wilson,[1] Attorney General,<br><br>    Defendants. | C/A No.: 1:12-3051-RMG-SVH<br><br><br>REPORT AND RECOMMENDATION |

  Stanley D. Linder ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at MacDougall Correctional Institution ("MCI"). This case is before the court for initial review of the Amended Complaint [Entry #18]. On December 20, 2012, the Honorable Richard M. Gergel, United States District Judge, accepted the undersigned's Report and Recommendation to the extent it recommended that Plaintiff's Privacy Act and FOIA claims be dismissed, but permitted Plaintiff thirty days to amend his complaint to set forth a claim viable under 42 U.S.C. § 1983. [Entry #14]. For the reasons that follow, the undersigned recommends that the district judge dismiss the Amended Complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

  Plaintiff alleges that one or both defendants caused the disclosure of sensitive private information about Plaintiff and his family to fellow inmate Leon Richberg and

---

[1] Although Plaintiff's Amended Complaint names "Allen Wilson," the undersigned assumes that Plaintiff intended to name South Carolina Attorney General Alan Wilson.

other unidentified inmates (the "Inmates"). [Entry #18]. Plaintiff alleges that sometime prior to June 2010, defendant Matthew J. Friedman, Assistant Attorney General, provided the Inmates documents containing sensitive information such as his criminal record and the social security numbers and phone numbers of Plaintiff, his daughters, and their aunt. [Entry #18 at 3–4]. Plaintiff further alleges that Richberg surrendered the documents to the Classification Department at MCI because a corrections officer told him the documents were contraband. *Id*. at 4. When Plaintiff attempted to get a copy of the sensitive documents from a MCI caseworker, his request was refused, and the caseworker informed him the documents had been sent back to the Attorney General's office. *Id*. Plaintiff includes in his Amended Complaint a verbatim recitation of a letter he allegedly sent to defendant Wilson complaining about the disclosure of his personal information to other inmates and the "scandalization" of his daughters' personal information. *Id*. at 5.

The Amended Complaint also contains allegations against Plaintiff's caseworker, Mrs. Dean, although she is not named as a defendant. [Entry #1 at 6]. He asserts that she wrongfully refused to return documents he requested her to copy because they had an "SCDC code" on them and constituted contraband. *Id*.

Plaintiff alleges he has suffered embarrassment and distress and that he fears possible future misuse of the disclosed information. He claims generally that defendant Wilson allowed defendant Friedman to discriminate against him and violated his privacy rights.

2

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

3

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731–32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally-guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted).

While there is no question that both named defendants are "state actors," Plaintiff has not alleged that the allegations in the complaint constitute a particular constitutional violation or otherwise supported his claim with legal authority. As Judge Gergel noted in his order granting Plaintiff's request to amend his Complaint,"[t]here is currently no general constitutional right to nondisclosure of personal information." [Entry #14, n.1]; *see also JP.* v. *DeSanti,* 653 F.2d 1080, 1089–90 (6th Cir. 1981) (rejecting an argument that the constitutional right to privacy was violated when juvenile court probation officers disseminated "social histories" of juveniles to social services agencies); *Cutshall v. Sundquist,* 193 F.3d 466, 481 (6th Cir. 1999) (holding that public dissemination of the status of a person adjudicated a sexual offender did not violate a federal constitutional right to privacy in absence of allegations that such dissemination under the Act

"impose[d] any restrictions on [the plaintiff's] personal rights that are fundamental or implicit in the concept of ordered liberty . . . .").

In his objections to the undersigned's first Report and Recommendation, Plaintiff provided some of the records allegedly disclosed to the Inmates. [Entry #12-1, #12-2, #12-3]. The records include an incident report and two arrest warrants showing the charges filed against Plaintiff and containing personal identifying information about him and the alleged victims, who are Plaintiff's daughters. *Id*. There is also a sentencing sheet showing information about the sentence Plaintiff ultimately received following his guilty plea. *Id*. These records are of the type considered public records under South Carolina law and are available to any member of the public upon request, subject to certain exemptions not relevant here. Op. S.C. Att'y Gen. No. 83-41, at 62 (1983) (arrest warrant is public record once it is signed and served on the person charged); *see also* S.C. Code Ann.§ 30-4-40; § 30-4-50 (information in a police report is "public" in nature).

Because there is no established right to privacy surrounding such public records, the Amended Complaint does not state a viable § 1983 claim. Additionally, to the extent Plaintiff claims the alleged disclosure constitutes discrimination, he has failed to specify the alleged basis of such discrimination. "Conclusory allegations of discrimination . . . not supported by reference to particular acts, practices, or policies" are insufficient to state a claim of discrimination under § 1983." *Delgado v. Ballard*, No. 2:09–cv–01252, 2011 WL 7277826 (S.D.W. Va. October 6, 2011) (quoting *United Black Firefighters of*

5

*Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979)). Therefore, the undersigned recommends Plaintiff's Amended Complaint be summarily dismissed.

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 12, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).