IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Stanley D. Linder, #137337,

    Plaintiff,

v.

Matthew J. Friedman, Assistant Attorney General, and
Allen Wilson,[1] Attorney General,

    Defendants.

No. 1:12-cv-3051-RMG

**ORDER**

Plaintiff Stanley D. Linder, an inmate at MacDougall Correctional Institution in Ridgeville, South Carolina, brought this action *pro se* on October 23, 2012, alleging that the Defendants, South Carolina Attorney General Alan Wilson and Assistant Attorney General Matthew J. Friedman, intentionally caused the disclosure of sensitive personal information about him and members of his family to other inmates. (Dkt. No. 18). According to Plaintiff, racial discrimination motivated Defendants to disclose this personal information. (*Id.*; Dkt. No. 24 at 4). Plaintiff claims that "innocent people's lives" were endangered by the disclosure of the information, (Dkt. No. 18 at 8), and that unknown bills have been coming to the victims' home, (Dkt. No. 24 at 3). Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**Background**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), DSC, this case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the procedural

---

[1] The Court assumes that Plaintiff brings this action against South Carolina Attorney General Alan Wilson.

provisions of 28 U.S.C. § 1915(e)(2). On February 12, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance and service of process. (Dkt. No. 22). Plaintiff filed objections to the R&R on February 27, 2013. (Dkt. No. 24).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

As an initial matter, the Court emphasizes the narrowness of the issue before it. First, though

this action is brought against two Defendants, Plaintiff conceded in his objections that Defendant Attorney General Alan Wilson "does not have a clue what happened" in this case and consented to the dismissal of his claim against Defendant Wilson. (Dkt. No. 24 at 2). Second, the Court declines to exercise federal jurisdiction over Plaintiff's claims insofar as they are based upon the alleged disclosure of his family members' personal information. Plaintiff does not have custody over these family members, and has offered no reason why they are unable to bring the claim themselves. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 16–18 (2004). Third, as Plaintiff pointed out in his objections to the R&R, (Dkt. No. 24 at 3), the scope of private information at issue is limited to his Social Security Number ("SSN") and Driver's License number, since the other information allegedly disclosed was contained in a police incident report, arrest warrant, and sentencing sheet—all public documents under South Carolina law. *See* S.C. Code § 30-4-50(A)(8) (making public information "reports which disclose the nature, substance, and location of any crime or alleged crime reported as having been committed"); *see also Andy Benke*, Op. S.C. Att'y Gen., 2005 WL 1983349, at *3 (confirming that arrest warrants as well as the "particulars of a trial and the resulting conviction" are matters of public record under state law).

In light of these limitations, then, the issue before this Court is extremely narrow: did Plaintiff state a viable § 1983 claim when he alleged that Defendant Friedman intentionally disclosed Plaintiff's Social Security Number and Driver's License numbers to state inmates (Substantive Due Process), and did so because he was motivated by racial animus (Equal Protection)?

I. Substantive Due Process

Plaintiff claims that the intentional disclosure of his Social Security and Driver's License numbers violated his Constitutional rights. The Magistrate Judge recommended dismissal on the

ground that Plaintiff "does not state a viable § 1983 claim." (Dkt. No. 22 at 5). Even assuming, as an initial matter, that the conduct alleged would overcome the threshold requirement that it be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience," *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998), the Court agrees with the Magistrate Judge's recommendation.

Looking to the "nature of the asserted interest, hence to the level of protection to which it is entitled," *Hawkins v. Freeman*, 195 F.3d 732, 738 (4th Cir. 1999), the Court notes that the Supreme Court has recognized that individuals do possess some constitutional "interest in avoiding disclosure of personal matters," *Whalen v. Roe*, 429 U.S. 589, 599 (1977). Indeed, the Fourth Circuit appears to agree with Plaintiff that, in particular, "[o]ne . . . has a considerable privacy interest in keeping his SSN confidential." *Ostergren v. Cuccinelli*, 615 F.3d 263, 279 (4th Cir. 2010); *see Greidinger v. Davis*, 988 F.2d 1344, 1354 (4th Cir. 1993) ("Succinctly stated, the harm that can be inflicted from the disclosure of a SSN to an unscrupulous individual is alarming and potentially financially ruinous.").[2] In light of this interest, the Fourth Circuit has held, for example, that a state statute permitting the public disclosure of an individual's SSN as a condition of his right to vote "creates an intolerable burden on that right as protected by the First and Fourteenth Amendments." *Greidinger*, 988 F.2d at 1355.

---

[2] This privacy interest is manifest in the "case law's uniform recognition that SSNs are exempt from disclosure under" the federal Freedom of Information Act as well as the "Congressional recognition of the privacy concerns" attendant to SSN disclosure displayed in the Privacy Act. *Greidinger*, 988 F.2d at 1354. In addition, states' practices "indicate a broad consensus that SSNs' public disclosure should be strictly curtailed." *Ostergren*, 615 F.3d at 280; *see, e.g.*, S.C. Code. § 30-2-310(e) (prohibiting public bodies from "intentionally communicat[ing] or otherwise mak[ing] available to the general public an individual's social security number . . . or other personal identifying information," including driver's license numbers).

Nevertheless, this Court is unaware of any authority supporting the proposition that the disclosure of this information, absent the burdening of some other fundamental right, represents a violation of the Constitution. Substantive due process-based privacy rights have generally been limited to those rights "which are fundamental or implicit in the concept of ordered liberty," involving matters such as "marriage, procreation, contraception, family relationships, and child rearing and education." *Paul v. Davis*, 424 U.S. 693, 712–13 (1976). In contrast, the type of disclosure alleged by Plaintiff here implicates an entirely different privacy concern—"one predicated upon control of information rather than secrecy." *Ostergren*, 615 F.3d at 281. Absent some clear indication in governing precedent, this Court declines to recognize the possibility of a general right to nondisclosure of private information that would extend the protections of substantive due process well beyond those currently recognized in the jurisprudence on the subject. *See Cutshall v. Sundquist*, 193 F.3d 466, 480–81 (6th Cir. 1999); *see also Hawkins*, 195 F.3d at 738 (observing that Supreme Court jurisprudence counsels "that, as a general proposition, courts must be reluctant to expand the concept of substantive due process").

II. Equal Protection

Plaintiff further alleges that Defendant Friedman disclosed his personal information because he "has ethnicity issues," a racial discrimination allegation rooted in Equal Protection. (Dkt. No. 24 at 4). The Magistrate Judge observed that Plaintiff "has failed to specify the alleged basis of [the racial] discrimination," and so recommended that the claim be dismissed (Dkt. No. 22 at 5). The Court agrees. To state an equal protection claim, a plaintiff must, at a minimum, plead facts sufficient to permit the reasonable inference "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or

purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). A plaintiff must do more, though, than merely offer "'naked assertion[s]' devoid of 'further factual enhancements.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, he must provide "specific, non-conclusory factual allegations" that, if proven true, would establish the defendant acted with an improper motive. *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003); *see also Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990). Plaintiff's allegation that Defendant Friedman was motivated to disclose Plaintiff's personal information because Defendant "has ethnicity issues" does not meet this standard, and therefore is insufficient to state an Equal Protection claim. *See Chapman v. Reynolds*, 378 F. Supp. 1137, 1139 (W. D. Va. 1974) ("[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated.").

## Conclusion

After a thorough review of the Report and Recommendation and Plaintiff's pleadings, the Court adopts the Magistrate Judge's Report and Recommendation, and DISMISSES this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 6, 2013